UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joan T., <br><br> Plaintiff, <br><br> v. <br><br> Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:22-CV-01251(MPS) <br><br><br><br><br><br><br> March 22, 2023 |

**ORDER RE: MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND RECOMMENDED RULING RE: INITIAL REVIEW ORDER**

On October 7, 2022, *pro se* Plaintiff, Joan T.[1] filed a complaint for Review of Social Security Administration Decision under 42 U.S.C. § 405(g) against Defendant, the Commissioner of Social Security. ECF No. 1. On January 11, 2023, this Court issued a ruling recommending that Plaintiff's complaint be dismissed without prejudice to refile for lack of subject matter jurisdiction. ECF No. 25. On January 23, 2023, Plaintiff filed an objection to my recommended ruling. ECF No. 30. That motion is still pending. On January 30, 2023, Plaintiff filed a Motion for Leave to File First Amended Complaint with Plaintiff's Proposed Amended Complaint. ECF No. 33. Chief Judge Michael P. Shea referred that motion to me on February 14, 2023.

The Motion for Leave to File First Amended Complaint is GRANTED, and this Court recommends that the Proposed Amended Complaint be **permitted to proceed** as to the 42 U.S.C. § 405(g) claim, but that the remainder of the claims asserted be **DISMISSED** with prejudice.

---

[1] Pursuant to United States District Court of Connecticut's January 8, 2021 Standing Order, Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

1

## I.    Law

"When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. § 1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process." *Johnson v. Connell*, No. 22-CV-00207(SALM), 2022 WL 596787, at *1 (D. Conn. Feb. 28, 2022). Section 1915(e) directs that when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists. . . . If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3)." *Ishutkina v. Biden*, No. 20-CV-01656(CSH)(SALM), 2021 WL 6841431, at *3 (D. Conn. Mar. 1, 2021) (internal citation and quotation marks omitted).

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.

> [T]he Court construes complaints filed by self-represented plaintiffs liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

*Taylor v. Harris*, No. 3:18-CV-02085(KAD), 2019 WL 1115863, at *2 (D. Conn. Jan. 3, 2019) (conducting Initial Review of plaintiff's amended complaint after court recommended dismissal of the original complaint).

## II.     Relevant Factual Background

Plaintiff filed her Original Complaint on a form for Review of Social Security Administration Decision under 42 U.S.C. § 405(g). ECF No. 1. On the form, which asks for specifics about exhaustion, Plaintiff did not provide particulars on when an ALJ issued a decision alleging "N/A (They did not respond)" or when the Appeals Council issued a decision alleging "no response from SS." *Id.* at 2. Attached to the form is a typed complaint elaborating on her claims. *Id.* at 4– 5. Plaintiff's Proposed Amended Complaint is also a typed complaint elaborating on her claims. ECF No. 33-1. Plaintiff's Objection and Proposed Amended Complaint elaborate on her claim of post termination denial of due process.

Plaintiff alleges that the Social Security Administration ("SSA") together with the Office of Inspector General ("OIG") suspended her Social Security Benefits in March 2022.[2] *Id.* at 1.

Plaintiff alleges she received a voicemail from an OIG investigator threatening her that if Plaintiff did not speak with her, the investigator had the ability to stop Plaintiff's and Plaintiff's daughter's social security benefits. *Id.* at 1–2; ECF No. 1, at 4. Plaintiff alleges that "a few weeks" after that call, Plaintiff's retirement benefits were stopped in March 2022. ECF No. 33-1, at 2; ECF No. 1, at 4. Plaintiff alleges she received a letter from the SSA dated March 10, 2022, which is attached to the Original Complaint as Exhibit 1. ECF No. 1, at 4, 6–8. It states that "[b]ased on the information we have, we cannot pay benefits beginning March 2022. In order to continue

---

[2]     The OIG conducts "independent oversight of SSA's programs and operations." *See About the OIG*, OFFICE OF THE INSPECTOR GENERAL, https://oig.ssa.gov/about-oig/ (last visited March 21, 2023).

receiving your benefits, a face to face interview is needed. Please contact your local Social Security Office for further information." *Id.* at 6.

Plaintiff alleges that Defendant has obstructed her attempts to resolve this administratively. ECF No. 33-1, at 2. Plaintiff's Original Complaint alleged that she went to the police station to prove her identity, that she "contacted social secu[rity] to verify this [in]formation," and that she sent in documentation verifying her "ID." ECF No. 1, at 4. She also stated that legal services and Senator Blumenthal's office contacted the Social Security office on her behalf. *Id.*; *see* ECF No. 33-1, at 5. Furthermore, she alleged she requested a hearing, and requested reconsideration which she attached to the Original Complaint as Exhibit 2. ECF No. 1, at 4, 9. That request for reconsideration attached to the Original Complaint is dated August 16, 2022.[3] *Id.* at 9.

In Plaintiff's Proposed Amended Complaint, she adds that she sent a request for reconsideration on May 5, 2022, and that she requested a hearing by an ALJ on June 7, 2022. ECF No. 33-1, at 5. In her Proposed Amended Complaint, Plaintiff refers to her Objection, which includes the May 5, 2022 request for reconsideration attached as Exhibit 1, and the request for hearing by ALJ as Exhibit 2. *Id.*; ECF No. 30-1, at 1–5. Plaintiff also states that she submitted a complaint of discrimination to her local social security office but received no response from Defendant. ECF No. 33-1, at 3, 5.[4] In her Proposed Amended Complaint, Plaintiff also states that she has call logs for calls made to local SSA offices, and that they refused to speak to her about

---

[3] In her Proposed Amended Complaint, Plaintiff states that the date of this document is August 5, 2022, however the document itself reads August 16, 2022. *See* ECF No. 33-1, at 5.
[4] Plaintiff did not provide this Court with this document. Plaintiff cites to an exhibit attached to "doc 25," however ECF. No 25 is this Court's ruling recommending dismissal of the Original Complaint. *See* ECF No. 33-1, at 3. The complaint of discrimination is not attached to Plaintiff's First Objection to Defendant's Motion for Extension (ECF No. 16), Plaintiff's Amended Objection to Defendant's Motion for Extension (ECF No. 26), Plaintiff's Objection (ECF No. 30), or Plaintiff's Proposed Amended Complaint (ECF No. 33-1).

4

the suspension of her retirement benefits.[5]  *Id.* at 5.  She states that the only option given was for the OIG investigator to "interrogate her" in "the office" or in Plaintiff's home.  *Id.*

Although Plaintiff brought her action under 42 U.S.C. § 405(g) to review a final decision of Defendant after her SSA retirement benefits were suspended in her Original Complaint, Plaintiff's Proposed Amended Complaint states that the wrongful suspension and termination of her benefits were a violation of 42 U.S.C. § 1983.  Plaintiff's Proposed Amended Complaint also asserts claims for harassment, coercion and discrimination in violation of Connecticut General Statutes § 53a-183 (criminal penal code), civil financial exploitation in violation of 10 G.C.A SS 21002 (2002) (a statute from Guam), Intentional Infliction of Emotional Distress ("IIED"), and "Bullying Senior/Elder Abuse" in violation of Connecticut General Statutes §§ 17a-412 and 17b-450.  ECF No. 33, at 2; ECF No. 33-1, at 4.

### III. Motion for Leave to File First Amended Complaint

As set forth in the previous ruling, this Court permitted *pro se* Plaintiff an opportunity to amend her Original Complaint.  Accordingly, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.

Plaintiff states that her "[p]roposed first amended complaint clarifies the items that were detailed in the original complaint and are well known to the defendants as the claims relate back to the original complaint . . . ."  ECF No. 33, at 1.  The Proposed Amended Complaint refers to Plaintiff's Objection to this Court's Recommended Ruling for the Initial Review Order of the Original Complaint ("Objection") and the exhibits attached to it.  ECF No. 30.  This Court will consider the Original Complaint, Objection, and Proposed Amended Complaint together as constituting the operative complaint in this matter.  *See Clack v. Torre*, No. 3:10-CV-1905(JBA),

---

[5]  Plaintiff did not provide this Court with the call logs she refers to.

2012 WL 3779135, at *2 (D. Conn. Aug. 30, 2012) (Although an "amended complaint renders the original complaint of no legal effect . . . unless portions of the original complaint are specifically incorporated into or referenced in the amended complaint," courts construe *pro se* complaints liberally "as to do justice.") (internal citations and quotation marks omitted).

## IV. Initial Review Order

### A. This Court Has Jurisdiction Over Plaintiff's 42 U.S.C. § 405(g) Claim

#### i. This Court Construes Plaintiff's Claim as an Attempt to Seek Judicial Review Under 42 U.S.C. § 405(g)

In her Original Complaint, Plaintiff brought her action under 42 U.S.C. § 405(g) to review a final decision of Defendant after her SSA retirement benefits were suspended. Plaintiff's Proposed Amended Complaint makes no mention of § 405(g), however, Plaintiff focused on exhaustion of administrative remedies in both her Proposed Amended Complaint and her Objection, appearing to address the deficiencies in her § 405(g) claim. Additionally, Plaintiff states that her "[p]roposed first amended complaint clarifies the items that were detailed in the original complaint and are well known to the defendants as the claims relate back to the original complaint . . . ." ECF No. 33, at 1.

Plaintiff's Proposed Amended Complaint instead cites to 42 U.S.C. § 1983 as the basis to seek judicial review of the suspension and termination of her social security retirement benefits. ECF No 33-1, at 3. However, Plaintiff's claims under Section 1983 fail because the United States Supreme Court has found that § 405(g) provides the exclusive mechanism for bringing Social Security Act claims in federal court. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).

> The United States and its agencies, such as the SSA, have immunity from suit absent waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act waives the SSA's sovereign immunity in limited circumstances,

6

> including permitting federal courts to review "final decisions" of the SSA that involve Title II disability claims. *See* 42 U.S.C. §§ 405(g), (h). . . . Section 405(h) provides that review under Section 405(g) is the exclusive means of review.

*Tadeusz Michal S. v. Saul*, No. 8:19-CV-496(MAD)(CFH), 2019 WL 4451249, at *2 (N.D.N.Y. Sept. 17, 2019). Additionally, Section 1983 "only covers actions under color of state law," and "Title II of the Social Security Act distributes funds that are entirely federal in origin and state agencies function solely as agents of the federal government." *Lynn v. U.S. Dep't of Health & Hum. Servs.*, 583 F. Supp. 532, 533 (S.D.N.Y. 1984); *see* also *Tadeusz Michal S.*, 2019 WL 4451249, at *2.

However, the undersigned liberally construes Plaintiff's claim as an attempt to seek judicial review under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying Plaintiff retirement benefits and will evaluate the claim as it did in the previous ruling considering Plaintiff's additional allegations. *See*, *e.g.*, *Tadeusz Michal S.*, 2019 WL 4451249, at *2 (to protect *pro se* plaintiff, court applied a lenient standard and construed the plaintiff's case brought under 42 U.S.C. § 1983 as having been brought pursuant to 42 U.S.C. § 405(g).); *Lynn*, 583 F. Supp. at 533 (same).

### ii. There is No Final decision by Defendant as Required for Judicial Review under 42 U.S.C. § 405(g)

In the previous ruling, this Court found that Plaintiff did not allege sufficient facts from which this Court could plausibly infer that she has exhausted her administrative remedies because there is no allegation of a final decision by the agency as required for judicial review under § 405(g). Upon review of the Objection and Plaintiff's Proposed Amended Complaint, this Court's analysis does not change here. Plaintiff has still not alleged that there was a final decision as defined by 20 C.F.R. § 404.900(a)(5) and therefore she has not exhausted her administrative

remedies. However, this Court will analyze whether Plaintiff's additional allegations are sufficient to meet the second exception to the exhaustion requirement.

### iii. Plaintiff's Allegations are Sufficient to Meet the Second Exception to the Exhaustion Requirement

As set forth in the previous ruling, while exhaustion is the general rule, there are two significant exceptions to the requirement. This Court found that the first exception did not apply and that the Original Complaint failed to establish the second exception. This Court now examines the applicability of the second exception in light of Plaintiff's additional allegations for her claim of a post-termination due process violation under the Fifth Amendment. Upon review of Plaintiff's Objection and Proposed Amended Complaint, this Court finds sufficient allegations to establish the collaterality, futility, and irreparable harm factors of the second exception.

In the previous ruling, this Court found that Plaintiff's due process claim is collateral because it involves Plaintiff's procedural constitutional rights and is entirely collateral from her substantive challenge to Defendant's decision to terminate benefits.

As to the second factor, there is a now a basis to conclude that further administrative review would be futile. The letter from the SSA, dated March 10, 2022, explains that Plaintiff had the right to appeal the decision in writing within sixty days on the Request for Reconsideration form, SSA-561. ECF No. 1, at 6. Plaintiff's Proposed Amended Complaint alleges that she submitted a request for reconsideration on May 5, 2022, which is within sixty days of the SSA initial determination. ECF No. 33-1, at 5. That May 5, 2022 request for reconsideration is attached as Exhibit 1 to Plaintiff's Objection. ECF No. 30-1, at 1–2. Plaintiff alleges that she got no response from Defendant regarding that request, and that when she attempted to make calls to SSA local offices, they refused to speak to her about the suspension of her retirement benefits. ECF No. 33-1, at 5. Plaintiff also alleged in her Proposed Amended Complaint that she requested a hearing,

which would be the step following the request for reconsideration as articulated by 20 C.F.R. § 404.900(a). Plaintiff attached the June 7, 2022 request for hearing by ALJ to her Objection as Exhibit 2. ECF No. 30-1, at 4–5. Plaintiff again states that she received no response from Defendant regarding that request. ECF No. 33-1, at 5. Plaintiff has sufficiently alleged that she properly followed the administrative process to request reconsideration but her attempts to move forward have been futile.

As for the third factor, irreparable harm, Plaintiff alleges that she is 91 years old and disabled, and in Exhibit 2 attached to the Original Complaint, she alleges that she has no income. ECF No. 1, at 4, 9; ECF No. 33-1, at 4. Plaintiff claims that she has suffered harm by waiting for reinstatement of her benefits. "[I]f the delay attending exhaustion would subject claimants to deteriorating health, because the [Commissioner] has altogether denied them benefits, then waiver may be appropriate." *Abbey v. Sullivan,* 978 F.2d 37, 46 (2d Cir. 1992). Plaintiff's Proposed Amended Complaint states that Defendants have subjected her to "life threatening disruptions in benefits," and that her benefits are tied to Medicare and eligibility to Medicaid, hindering her access to healthcare. ECF No. 33-1, at 7. This factor also weighs in Plaintiff's favor.

Therefore, construing the *pro se* complaint liberally, Plaintiff has raised a colorable claim for a post-termination due process violation under the Fifth Amendment which meets the requirements of the second exception to the exhaustion of administrative remedies element of 42 U.S.C. § 405(g).

### B. This Court Recommends Dismissal of Plaintiff's Claims under Connecticut Criminal Statutes

Plaintiff's Proposed Amended Complaint asserts claims for harassment, coercion and discrimination in violation of Connecticut General Statutes § 53a-183 (criminal penal code). Private individuals lack standing to assert criminal violations. "As a general matter . . . crimes are

prosecuted by the government, not by private parties." *Coleman-Bey v. Childrens Aid Soc'y*, No. 19-CV-7911(CM), 2019 WL 5693688, at *2 (S.D.N.Y. Nov. 4, 2019) (internal quotation marks omitted) (citing *Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006)).  Here, Plaintiff improperly seeks to impose criminal liability on Defendant and therefore these claims should be dismissed with prejudice.

### C. This Court Recommends Dismissal of Plaintiff's State Tort Claims Because they are Barred by 42 U.S.C. § 405(h)

Plaintiff's Proposed Amended Complaint also asserts claims for civil financial exploitation in violation of 10 G.C.A SS 21002 (2002), a statute from Guam, [6] IIED, and "Bullying Senior/Elder Abuse" in violation of Connecticut General Statutes §§ 17a-412 and 17b-450.  ECF No. 33, at 2; ECF No. 33-1, at 4.  Plaintiff fails to state the jurisdictional basis for these tort claims, and even when the Proposed Amended Complaint is construed in the most liberal fashion, this Court finds that it lacks subject matter jurisdiction over these claims.

First, this Court lacks jurisdiction over Plaintiff's tort claims because they are barred by sovereign immunity.

> The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. . . . A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. . . . Sovereign immunity extends to federal agencies and officers acting in their official capacities. . . . Where there is no statute expressly waiving the sovereign immunity of the United States, the court lacks subject matter jurisdiction to adjudicate the claim.

*Scott v. Synchrony Bank*, 540 F. Supp. 3d 337, 340 (W.D.N.Y. 2021) (internal citations and quotation marks omitted).  Section 405(g) contains a limited waiver of the SSA's sovereign

---

[6]   The referenced statute, 10 G.C.A SS 21002 (2002), matches a citation to the Guam Code. This Court lacks subject matter jurisdiction over this claim.  *Foster v. Sullivan*, No. CV ELH-21-1501, 2021 WL 3037446, at *1 (D. Md. July 19, 2021) (dismissing claim under same statute for lack of jurisdictional basis for suit in federal court.).

10

immunity, and specifically provides the federal court with jurisdiction to affirm, modify, or reverse the final decisions of the SSA in connection with social security eligibility and benefits determinations. 42 U.S.C. § 405(g); *Papadopoulos v. Comm'r of Soc. Sec.*, No. 13 CIV. 3163, 2014 WL 2038314, at *2 (S.D.N.Y. May 15, 2014); *see Stansberry v. United States*, No. 4:18-CV-01563(KAW), 2018 WL 5619741, at *7 (N.D. Cal. Oct. 29, 2018) ("Congress and the SSA have not waived the government's sovereign immunity for Plaintiff's claim for negligence because the only limited waiver of sovereign immunity lies within 42 U.S.C. §§ 405(g) and 405(h) . . . ."). Without a waiver of sovereign immunity for Plaintiff's tort claims, this Court lacks subject matter jurisdiction to adjudicate them.

Second, this Court lacks jurisdiction over Plaintiff's tort claims because they are precluded by the Social Security Act. 42 U.S.C. § 405(h) provides in relevant part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*Id.* The thrust of Plaintiff's tort claims are that her retirement benefits were improperly suspended and Plaintiff seeks to recover her benefits. Therefore, her tort claims essentially arise under the Social Security Act and are precluded by § 405(h). *See Shalala*, 529 U.S. at 10 ("Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g)."); *Hill v. Colvin*, No. 1:14-CV-354, 2016 WL 727177, at *7 (M.D.N.C. Feb. 23, 2016) ("The language of [42 U.S.C.] § 405(h) is unambiguous and precludes Plaintiff's intentional infliction of emotional distress claim because it is an effort to recover on a claim arising under the Social Security Act.") (internal quotation marks omitted) (citing *Jarrett v. United States*, 874 F.2d 201, 204 (4th Cir. 1989)).

Third, none of the statutory provisions implicated by Plaintiff's allegations authorize jurisdiction over Plaintiff's tort claims against Defendant. *See Purisima v. Astrue*, No. 12 CIV. 3528(WHP)(JLC), 2012 WL 5519295, at *2–4 (S.D.N.Y. Nov. 14, 2012) (analyzing whether provisions implicated by *pro se* plaintiff's allegations authorize jurisdiction over the plaintiff's tort claims against the Commissioner).

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, which is not raised by Plaintiff, "the United States has waived sovereign immunity to tort claims under limited circumstances; thus, it is generally the exclusive avenue by which a claimant may sue the government or its agents in tort for money damages." *Jensen v. Rubin*, No. 3:21-CV-482(SRU), 2022 WL 119237, at *8 (D. Conn. Jan. 12, 2022), *reconsideration denied sub nom. Jensen v. Comm'r of Soc. Sec.*, No. 3:21-CV-482(SRU), 2022 WL 867319 (D. Conn. Mar. 23, 2022) (internal quotation marks omitted). "However, Section 405(h) [of the Social Security Act] expressly forecloses FTCA claims against the Government . . . based upon the wrongful withholding of benefits under the Social Security Act." *Id*. (internal quotation marks omitted).[7]

Plaintiff also may not invoke this Court's general federal question jurisdiction under 28 U.S.C. § 1331, the federal question statute, because § 405(h) of the Social Security Act expressly forecloses claims against the Government brought under section 1331. 42 U.S.C. § 405(h); *see Holley v. Comm'r of Soc. Sec.*, No. 3:11-CV-02012(WIG), 2012 WL 3727269, at *2 (D. Conn. Jan. 9, 2012). Additionally, "Title VI of the Civil Rights Act of 1964 also does not authorize the Court's exercise of jurisdiction over [plaintiff's] tort claims." *Purisima*, 2012 WL 5519295, at *3.

---

[7]  The FTCA does not apply to Plaintiff's case for several other reasons. First, "only the United States, and not its agencies or officials, may be sued under the FTCA," and second, "under the FTCA, '[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . .' 28 U.S.C. § 2401(b)." *Purisima*, 2012 WL 5519295, at *4.

12

> [T]he Second Circuit has concluded "based on [an] examination of the statute itself, its legislative history, and the inferences which can be drawn from the case law . . . that Title VI was not intended to apply to Title[ ] II . . . of the Social Security Act[.]" *Soberal–Perez v. Heckler,* 717 F.2d 36, 41 (2d Cir.1983); *see also Maloney v. Soc. Sec. Admin.,* 517 F.3d 70, 75 (2d Cir.2008) (Title VI does not apply to programs directly administered by the federal government) (citing *Soberal–Perez,* 717 F.2d at 38–39)).

*Id.*

Thus, even when Plaintiff's Proposed Amended Complaint is construed in the most liberal fashion, this Court finds that it lacks subject matter jurisdiction over these tort claims. I recommend dismissal of these claims with prejudice because no amendment could cure the deficiencies.

## D.  This Court Recommends Dismissal of Plaintiff's Discrimination Claim

In Plaintiff's Original Complaint, Plaintiff asserted conclusory claims that Defendant discriminated against her because of her age and disability. In this Court's previous ruling, it was held that those claims were deficient because the complaint failed to: (1) state the jurisdictional basis for her discrimination claims, (2) state the legal basis for those claims, and (3) provide any facts to suggest the plausibility of those claims. Given an opportunity to address those deficiencies, the claims still fail.

First, Plaintiff's Proposed Amended Complaint fails to state the jurisdictional basis for her discrimination claim. Plaintiff states that Defendant's continued misconduct violates her rights to Equal Protection. ECF No. 33-1, at 3. However, "[a]bsent a waiver of sovereign immunity, even claims based on the Constitution are barred." *Lynn v. U.S. Dep't of Health & Hum. Servs.*, 583 F. Supp. 532, 534 (S.D.N.Y. 1984) (citing *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 104 (2d Cir.1981)). This court does not have federal-question jurisdiction over Plaintiff's discrimination claim because it arises under the Social Security Act and is

13

precluded by § 405(h). *See Weinberger v. Salfi*, 422 U.S. 749, 760–61 (1975) (Constitutional claim arises under Social Security Act because plaintiff seeks to recover Social Security benefits and "Social Security Act provides both the standing and the substantive basis for the presentation of their constitutional contentions."); *Grice v. Colvin*, 97 F. Supp. 3d 684, 698 (D. Md. 2015) ("[E]ven a constitutional question that is connected to the action arises under the [Social Security] act and must be channeled through the agency.") (citing *Shalala,* 529 U.S. at 23). Additionally, "[t]he FTCA has not waived [the Government's] sovereign immunity with respect to claims that its employees have committed constitutional torts under the federal constitution." *Hernandez v. United States*, 939 F.3d 191, 205 (2d Cir. 2019) (internal quotation marks omitted).

Second, Plaintiff stated the legal basis for her discrimination claim, Connecticut General Statutes § 53a-183, but as explained above, Plaintiff cannot bring claims under criminal statutes as a private citizen in a civil lawsuit. Nor is there any other legal basis on which the claim could be properly asserted. Although Plaintiff's discrimination claim could liberally be construed as relating to Section 504 of the Rehabilitation Act, and/or Title II of the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12132, Plaintiff "seeks reimbursement of [her] recovered benefits outside of the normal administrative procedures. . . . [Her] discrimination allegations are part and parcel with [her] claim for benefits, and they are therefore subject to the [Social Security] Act's jurisdictional limitations." *Jensen v. Rubin*, No. 3:21-CV-482(SRU), 2022 WL 119237, at *6 (D. Conn. Jan. 12, 2022), *reconsideration denied sub nom. Jensen v. Comm'r of Soc. Sec.*, No. 3:21-CV-482(SRU), 2022 WL 867319 (D. Conn. Mar. 23, 2022); *see Saidin v. City of New York*, No. 20-CV-2851(LLS), 2020 WL 2571043, at *5–6 (S.D.N.Y. May 19, 2020).

Third, Plaintiff also failed to provide any facts to suggest the plausibility of those claims. *See Jensen,* 2022 WL 119237, at *6 (Plaintiff made "no factual allegations describing any specific

instances of maltreatment based on disability."); *Saidin*, 2020 WL 2571043 at *6 (same); *Maria A. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00393(JAM), 2022 WL 17592433, at *5 (D. Conn. Dec. 12, 2022) (plaintiff alleged age and education discrimination but did not "allege facts to support it other than the denial of her claim, and this type of claim is outside the scope of a review proceeding pursuant to 42 U.S.C. § 405(g).") Therefore, Plaintiff's discrimination claim is deficient and should be dismissed with prejudice.

## V.     Conclusion

The Motion for Leave to File First Amended Complaint is GRANTED, and this Court recommends that the Proposed Amended Complaint be **permitted to proceed** as to the 42 U.S.C. § 405(g) claim, but that the remainder of the claims asserted be **DISMISSED** with prejudice.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). If Plaintiff wishes to object to my recommendation, she must file that objection with the Clerk of the Court by **April 5, 2023**. *See* Fed. R. Civ. P. 72(b)(2) (objections to magistrate judge recommendations to be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days, as computed by Fed. R. Civ. P. 6, for persons who receive the recommendation from the Clerk of the Court via mail). If she does not do so, she may not thereafter assign as error any claimed defect in this recommended ruling. *Id.* Failure to file a timely objection will also preclude appellate review. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. United States Dep't of Just.*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

Plaintiff has two options in responding to this Recommended Ruling.

First, should she disagree with the recommendations in this Ruling, she must file an objection within fourteen days of being served with this order.  Second, should she choose not to object to the Recommended Ruling, she may proceed on the Proposed Amended Complaint as written, but only on the § 405(g) claim.  If Plaintiff elects to pursue this option, she may file a Notice on the docket by **April 5, 2023**, requesting to proceed only on the § 405(g) claim.  Upon the filing of such a Notice, this Court will enter a scheduling order for service of the Proposed Amended Complaint, Discovery and other applicable deadlines.

*/s/ Maria E. Garcia*
Hon. Maria E. Garcia
United States Magistrate Judge